**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust | CIVIL ACTION NO: |
| **Plaintiff** | COMPLAINT |
| vs. | RE:<br>401 Miller Road, Waldoboro, ME 04572 |
| Samuel M. Sherry, Esquire, Special Administrator of the Estate of Raymond P. Glenn a/k/a Raymond Glenn | Mortgage:<br>May 4, 2011<br>Book 4400, Page 280 |
| **Defendant** | |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Samuel M. Sherry, Esquire, Special Administrator of the Estate of Raymond P. Glenn a/k/a Raymond Glenn, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendant, Samuel

M. Sherry, Esquire, Special Administrator of the Estate of Raymond P. Glenn a/k/a Raymond Glenn, is the obligor and the total amount owed under the terms of the Note is One Hundred Sixty Thousand Nine Hundred Fourteen and 67/100 ($160,914.67) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is a corporation with its principal place of business located at 425 Walnut Street, Cincinnati, OH 45205.

5. The Defendant, Samuel M. Sherry, Esquire, Special Administrator of the Estate of Raymond P. Glenn a/k/a Raymond Glenn, is a resident of Portland, County of Cumberland, and State of Maine.

## FACTS

6. On May 5, 2011, by virtue of a Quitclaim Deed with Covenant, the property was further conveyed from Deborah Prior a/k/a Debra Prior, which is recorded in the Lincoln County Registry of Deeds in **Book 4400, Page 278**, the property the property situated at 401 Miller Road, County of Lincoln, and State of Maine, to Raymond P. Glenn a/k/a Raymond Glenn, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On May 4, 2011, Raymond P. Glenn a/k/a Raymond Glenn, executed and delivered to Loandepot.com, LLC a certain Note in the amount of $110,400.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. To secure said Note, on May 4, 2011, Raymond P. Glenn a/k/a Raymond Glenn executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Loandepot.com, LLC, securing the property located at 401 Miller Road, Waldoboro, ME 04572 which Mortgage Deed is recorded in the Lincoln County Registry of Deeds in **Book 4400**, **Page 280**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9. The Mortgage was then assigned to Ocwen Loan Servicing, LLC by virtue of an Assignment of Mortgage, dated June 19, 2014, and recorded in the Lincoln County Registry of Deeds in **Book 4792**, **Page 293**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of an Assignment of Mortgage, dated August 11, 2016, and recorded in the Lincoln County Registry of Deeds in **Book 5040**, **Page 160**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was further assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of a Quitclaim Assignment, dated June 7, 2019, and recorded in the Lincoln County Registry of Deeds in **Book 5395**, **Page 30**. *See* Exhibit F (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

12. On July 23, 2019, the Defendant, Samuel M. Sherry, Esquire, Special Administrator of the Estate of Raymond P. Glenn a/k/a Raymond Glenn, was sent a Notice of Mortgagor's

Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). Defendant, Samuel M. Sherry, Esquire, Special Administrator of the Estate of Raymond P. Glenn a/k/a Raymond Glenn, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property. *See* Exhibit G (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

13. The Demand Letter informed the Defendant, Samuel M. Sherry, Esquire, Special Administrator of the Estate of Raymond P. Glenn a/k/a Raymond Glenn, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit G.

14. The Defendant, Samuel M. Sherry, Esquire, Special Administrator of the Estate of Raymond P. Glenn a/k/a Raymond Glenn, failed to cure the default prior to the expiration of the Demand Letter. Defendant, Samuel M. Sherry, Esquire, Special Administrator of the Estate of Raymond P. Glenn a/k/a Raymond Glenn, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

15. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

16. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the lawful holder and owner of the Note and Mortgage.

17. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

18. The total debt owed under the Note and Mortgage as of November 1, 2019 is One Hundred Sixty Thousand Nine Hundred Fourteen and 67/100 ($160,914.67) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $104,813.07 |
| Interest | $24,456.32 |
| Escrow/Impound Required | $22,058.07 |
| Total Advances | $9,357.17 |
| Late Charges Due | $230.04 |
| Grand Total | $160,914.67 |

19. Upon information and belief, the Defendant, Samuel M. Sherry, Esquire, Special Administrator of the Estate of Raymond P. Glenn a/k/a Raymond Glenn, is not presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

20. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 19 as if fully set forth herein.

21. This is an action for foreclosure respecting a real estate related Mortgage and title located at 401 Miller Road, Waldoboro, County of Lincoln, and State of Maine. *See* Exhibit A.

22. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the holder of the Note referenced in Paragraph 13 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205,

128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master

Participation Trust, has the right to foreclosure upon the subject property.

23. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the

current owner and investor of the aforesaid Mortgage and Note.

24. The Defendant, Samuel M. Sherry, Esquire, Special Administrator of the Estate of

Raymond P. Glenn a/k/a Raymond Glenn, is presently in default on said Mortgage and

Note, having failed to make the monthly payment due March 1, 2014, and all subsequent

payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

Defendant, Samuel M. Sherry, Esquire, Special Administrator of the Estate of Raymond P.

Glenn a/k/a Raymond Glenn, is not personally liable and accordingly, this action does not

seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment

against the property.

25. The total debt owed under the Note and Mortgage as of November 1, 2019 is One Hundred

Sixty Thousand Nine Hundred Fourteen and 67/100 ($160,914.67) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $104,813.07 |
| Interest | $24,456.32 |
| Escrow/Impound Required | $22,058.07 |
| Total Advances | $9,357.17 |
| Late Charges Due | $230.04 |
| Grand Total | $160,914.67 |

26. The record established through the Lincoln County Registry of Deeds indicates that there

are no public utility easements recorded subsequent to the Mortgage and prior to the

commencement of these proceedings affecting the mortgaged premises at issue herein.

27. By virtue of the Defendant's breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

28. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Samuel M. Sherry, Esquire, Special Administrator of the Estate of Raymond P. Glenn a/k/a Raymond Glenn, on July 23, 2019, evidenced by the Certificate of Mailing. *See* Exhibit G.

## COUNT II – EQUITABLE MORTGAGE

29. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 28 as if fully set forth herein.

30. The intent of Raymond P. Glenn a/k/a Raymond Glenn and the original lender, Loandepot.com, LLC, on May 4, 2011, was to create a mortgage on the property commonly known as and numbered as 401 Miller Road, Waldoboro, ME 04572.

31. This intent is shown by the execution of a Promissory Note dated May 4, 2011 to Loandepot.com, LLC, in the amount of $110,400.00.

32. The value given at the time of the transaction was $110,400.00, which was significantly below the property's value at that time, clearly indicating that it was the intent of the Raymond P. Glenn a/k/a Raymond Glenn, and Loandepot.com, LLC on the date of the transaction, May 4, 2011, that a mortgage be granted on the subject property.

33. The aforesaid Promissory Note, specifically references 401 Miller Road, Waldoboro, ME 04572, as the "Property Address."

34. In addition to the aforesaid Promissory Note, Raymond P. Glenn a/k/a Raymond Glenn, executed a Mortgage on May 4, 2011, which particularly referenced exactly the same property address of 401 Miller Road, Waldoboro, ME 04572, which was referenced on the aforesaid Promissory Note.

35. The aforesaid Mortgage is arguably unenforceable under current Maine Law pursuant to the

    *Greenleaf* decision, et al. *See, Bank of America, N.A. v. Greenleaf*, 2014 ME 89, 96 A.3d 700 (Me.

    2014); *Federal National Mortgage Association v. Deschaine*, 2017 Me. 190, 170 A.3d 230 (Me.

    2017); *Pushard v. Bank of America, N.A.*, 175 A.3d 103, 2017 ME 230(Me. 2017).

36. This defect is not related to the original execution of the documents, nor the intent of the

    Raymond P. Glenn a/k/a Raymond Glenn, Samuel M. Sherry, Esquire, Special

    Administrator of the Estate of Raymond P. Glenn a/k/a Raymond Glenn, or

    Loandepot.com, LLC but is due to the chain of title for the aforesaid mortgage under

    *Greenleaf* and 33 M.R.S. § 508.

37. The issue of an equitable mortgage (or other equitable remedies) is not addressed by

    *Greenleaf*, or its progeny; *See, Deschaine*, Fn. 2, Fn 4; *Pushard,* Fn 14.

38. It was the intent of Raymond P. Glenn a/k/a Raymond Glenn and Loandepot.com, LLC, at

    the time of the transaction, as to the Note, that is controlling as to the Court's interpretation

    of the imposition of an equitable mortgage.

39. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the

    owner and holder of the subject Promissory Note.

40. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, owner

    of the equitable interest in the aforesaid mortgage but may arguably not be the record owner

    of said mortgage under the *Greenleaf* decision.

41. Equity requires that "what ought to have been done has been done." *See, Smith v. Diplock*, 127

    Me. 452, 144 A.383, 386 (Me. 1929).

42. When it is the intent of the parties, at the time of the transaction, that there be a mortgage

    "[t]he real intent governs". *See, Stinchfield v. Milliken*, 71 Me. 567, 570 (1880).

43. The agreement, as memorialized in the various documents referenced herein constitutes an equitable mortgage.

44. For justice to be served, and under the facts and circumstances of this matter, the Court should, and must, impose an equitable mortgage upon the property.

45. The Defendant, Samuel M. Sherry, Esquire, Special Administrator of the Estate of Raymond P. Glenn a/k/a Raymond Glenn, has no personal liability in this matter.

46. The Court's imposition of an equitable mortgage should be under, and pursuant to the statutory terms of applicable Maine Law, including, but not limited to, the rights of redemption, etc. *See*, *Seaman v. Seaman*, 477 A2d 734 (Me. 1984).

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, upon the expiration of the period of redemption;

c) Find that the Defendant, Samuel M. Sherry, Esquire, Special Administrator of the Estate of Raymond P. Glenn a/k/a Raymond Glenn, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property, is in breach of the Note by failing to make payment due as of March 1, 2014, and all subsequent payments;

d) Find that Raymond P. Glenn a/k/a Raymond Glenn entered into a contract for a sum certain in exchange for a security interest in the subject property;

e)  Find that it was the intent of Raymond P. Glenn a/k/a Raymond Glenn, and the original lender, Loandepot.com, LLC, on May 4, 2011 to create a mortgage on the property commonly known as and numbered as 401 Miller Road, Waldoboro, ME 04572.

f)  Impose an equitable mortgage upon the property commonly known and numbered as 401 Miller Road, Waldoboro, ME 04572 for the benefit of the Plaintiff who currently owns the Note and manifested by the intent of the parties when the transaction was initially consummated;

g)  Impose the applicable time periods for redemption, etc. as reflected in 14 M.R.S.A. §6322;

h)  Find that while the Defendant, Samuel M. Sherry, Esquire, Special Administrator of the Estate of Raymond P. Glenn a/k/a Raymond Glenn, has no personal liability in this matter, a Judgment in this matter can be imposed *in rem* against the property commonly known as and numbered as 401 Miller Road, Waldoboro, ME 04572; and

i)  For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSF9
Master Participation Trust,
By its attorneys,

Dated:  November 8, 2019

/s/ John A. Doonan, Esq.
/s/ Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com